(No. 17663.—Cause transferred.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM MINNER, Plaintiff in Error.

*Opinion filed December 23, 1926.*

PROHIBITION—*when Supreme Court has no jurisdiction of writ of error.* The Supreme Court has no jurisdiction of a writ of error when the defendant was found guilty of a first offense of violating the Prohibition act although each count of the indictment charged a second offense, where the State's attorney introduced no evidence tending to prove a former conviction and expressly disclaimed any right to a conviction for a second offense.

WRIT OF ERROR to the Circuit Court of McDonough county; the Hon. GEORGE C. HILLYER, Judge, presiding.

GEORGE V. HELFRICH, and PHILIP E. ELTING, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM R. HARRIS, State's Attorney, and ROY D. JOHNSON, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

William Minner was found guilty in the circuit court of McDonough county of a first offense of violating the Illinois Prohibition act, as charged in the first, second and fifth counts of the indictment. On a motion for a new trial the

State's attorney moved for leave to confess the motion and *nolle* the fifth count, which motion was allowed and the State's attorney entered a *nolle* accordingly. The motion for a new trial was then overruled as well as a motion in arrest of judgment, and the defendant was sentenced on each of the first two counts to pay a fine of $100 and be confined in the county jail for seventy-five days, the imprisonment under the second count to commence on the expiration of the term of imprisonment under the first count.

The offenses of which the plaintiff in error was convicted were misdemeanors, only, and the writ of error should have been sued out of the Appellate Court. No constitutional question exists in the record to give this court jurisdiction. The indictment consisted of five counts, each of which undertook to charge the defendant with a second offense against the Prohibition act by alleging a conviction of a former offense upon an information in the county court. A motion made by the defendant to quash each count of the indictment was overruled except as to the fifth count, and as to that count the court ordered the motion sustained so far as it charged a second offense and overruled so far as it charged a first offense. On the trial the State's attorney introduced no evidence tending to prove a former conviction and expressly disclaimed any right to a conviction for a second offense. The plaintiff in error argues that he should have been tried upon the indictment as it was presented by the grand jury, for a felony, and not for a misdemeanor, and that it was error for the court to deny his motion to require the State's attorney to state whether he was prosecuting for the felony or the misdemeanor, only, and other errors are alleged, none of which raise any constitutional question.

This court has no jurisdiction of the writ, and the cause will be transferred to the Appellate Court for the Third District.                          *Cause transferred.*